Randall A. Pulman
State Bar No. 16393250
Anna K. MacFarlane
State Bar No. 24116701
**PULMAN CAPPUCCIO & PULLEN, LLP**
2161 NW Military Hwy., Suite 400
San Antonio, Texas 78213
Telephone: (210) 222-9494
Facsimile: (210) 892-1610
rpulman@pulmanlaw.com
amacfarlane@pulmanlaw.com

**COUNSEL FOR JAMES GOODMAN AND
GENESIS NETWORKS GLOBAL SERVICES, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-31641-MVL-7 |
| | § | |
| GOODMAN NETWORKS, INC., | § | |
| | § | |
| DEBTOR. | § | CHAPTER 7 |

| | | |
|---|---|---|
| SCOTT M. SEIDEL, TRUSTEE, AND GNET ATC, LLC, | § § § | |
| PLAINTIFFS | § § | |
| V. | § § | ADVERSARY NO. 24-03022 |
| GENESIS NETWORKS GLOBAL SERVICES, LLC; AND JAMES GOODMAN | § § § § | |
| DEFENDANTS | § § | |

**DEFENDANTS JAMES GOODMAN'S AND GENESIS NETWORKS GLOBAL SERVICES, LLC'S
ANSWER TO TRUSTEE'S ORIGINAL COMPLAINT**

COME NOW Defendants James Goodman ("**Goodman**") and Genesis Networks Global

Services, LLC ("**Genesis Global**," and, collectively with Goodman, the "**Goodman Defendants**")

1

and file this, their Answer to Trustee's Original Complaint [Adv. Dkt. No. 1] (the "**Complaint**") responding to the paragraphs of the Complaint as numbered therein.

## I.     PROCEDURAL BACKGROUND

1. Goodman Defendants admit the allegations in Paragraph 1.

2. Goodman Defendants admit the allegations in Paragraph 2.

3. Goodman Defendants admit the allegations in Paragraph 3.

4. Goodman Defendants admit that the Court has jurisdiction over this adversary proceeding. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 4. Goodman Defendants do not consent to the entry of final orders in this adversary proceeding.

5. Goodman Defendants admit that venue is proper in this Court.

## II.     PARTIES

6. Goodman Defendants admit the allegations in Paragraph 6.

7. Goodman Defendants admit the allegations in Paragraph 7.

8. Goodman Defendants admit the allegations in Paragraph 8.

## III.     FACTS

9. Goodman Defendants admit the allegations in Paragraph 9.

10. Goodman Defendants admit the allegations in Paragraph 10.

11. Goodman Defendants admit the allegations in Paragraph 11.

12. Goodman Defendants admit the allegations in Paragraph 12.

13. Goodman Defendants admit the allegations in Paragraph 13.

14. Goodman Defendants admit the allegations in Paragraph 14.

15. Goodman Defendants admit the allegations in Paragraph 15.

4882-0882-5538, v. 1 / 6514.011

16. Goodman Defendants admit the allegations in Paragraph 16.

17. Goodman Defendants admit the allegations in Paragraph 17.

18. Goodman Defendants admit the allegations in Paragraph 18.

19. Goodman Defendants admit the allegations in Paragraph 19.

20. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 20 regarding John Goodman. Goodman Defendants admit the remaining allegations in Paragraph 20 regarding James Goodman.

21. Goodman Defendants admit the allegations in Paragraph 21.

22. Goodman Defendants admit the allegations in Paragraph 22.

23. Goodman Defendants admit the allegations in Paragraph 23.

24. Goodman Defendants admit the allegations in Paragraph 24.

25. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 25.

26. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 26.

27. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 27.

28. The allegations in Paragraph 28 constitute a legal conclusion to which no response is necessary.

29. The allegations in Paragraph 29 constitute a legal conclusion to which no response is necessary.

30. Goodman Defendants admit the allegations in Paragraph 30.

4882-0882-5538, v. 1 / 6514.011

31. Goodman Defendants deny the allegations in the first sentence of Paragraph 31. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 31.

32. Goodman Defendants deny the allegations in Paragraph 32.

33. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 33.

34. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 34.

35. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 35.

36. Goodman Defendants deny the allegations in Paragraph 36.

37. Goodman Defendants deny the allegations in Paragraph 37.

38. Goodman Defendants deny the allegations in Paragraph 38.

39. Goodman Defendants deny the allegations in Paragraph 39.

### IV.    CAUSES OF ACTION

**COUNT 1**:    CONSTRUCTIVELY FRAUDULENT TRANSFERS/PAYMENTS AS AGAINST GENESIS GLOBAL

40. Goodman Defendants incorporate their responses to paragraphs 1 through 39 as if fully set forth herein.

41. Goodman Defendants deny the allegations in Paragraph 41.

42. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 42.

43. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 43.

4882-0882-5538, v. 1 / 6514.011

44. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 44.

45. Goodman Defendants admit the allegations in Paragraph 45.

46. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 46 but denies that the Trustee is entitled to obtain any relief or judgment against the Goodman Defendants as pled or otherwise.

47. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 47 but denies that the Trustee is entitled to obtain any relief or judgment against the Goodman Defendants as pled or otherwise.

**COUNT 2:** **CONSTRUCTIVELY FRAUDULENT TRANSFERS/PAYMENTS AS AGAINST GENESIS GLOBAL (TUFTA)**

48. Goodman Defendants incorporate their responses to paragraphs 1 through 47 as if fully set forth herein.

49. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 49.

50. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 50.

51. Goodman Defendants deny the allegations in Paragraph 51.

52. Goodman Defendants deny the allegations in the first sentence of Paragraph 52. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 52.

53. Goodman Defendants admit that Prosperity is the transferee of the Payments. Goodman Defendants deny the remaining allegations in the remaining sentences of Paragraph 53.

5

54. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 54 but denies that the Trustee is entitled to obtain any relief or judgment against the Goodman Defendants as pled or otherwise.

55. Goodman Defendants deny that the Trustee is entitled to recover his costs and attorneys' fees.

**COUNT 3:** **RECOVERY OF FRAUDULENT TRANSFERS AS AGAINST GENESIS GLOBAL**

56. Goodman Defendants incorporate their responses to paragraphs 1 through 55 as if fully set forth herein.

57. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 57 but denies that the Trustee is entitled to obtain any relief or judgment against the Goodman Defendants as pled or otherwise.

**COUNT 4:** **BREACH OF FIDUCIARY DUTY AS AGAINST JAMES GOODMAN**

58. Goodman Defendants incorporate their responses to paragraphs 1 through 57 as if fully set forth herein.

59. Goodman Defendants admit the allegations in Paragraph 59.

60. Goodman Defendants deny the allegations in Paragraph 60.

61. Goodman Defendants deny the allegations in Paragraph 61.

62. Goodman Defendants deny the allegations in Paragraph 62.

63. Goodman Defendants deny the allegations in Paragraph 63.

64. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 64 but denies that the Trustee is entitled to obtain any relief or judgment against the Goodman Defendants as pled or otherwise.

4882-0882-5538, v. 1 / 6514.011

## V. DEFENSES

1. Goodman Defendants are entitled to credit and setoff.

2. Goodman Defendants received the complained-of transfers for value and in good faith and without relevant knowledge of the avoidability of the transfers.

3. Goodman Defendants were mediate or subsequent transferees who took in good faith from an initial transferee.

4. Goodman Defendants plead proportionate responsibility under Chapter 33 of the Texas Civil Practice and Remedies Code.

5. Goodman Defendants plead the affirmative defense of payment.

6. Goodman Defendants plead the single recovery rule-the Trustee has already recovered some or all of the subject transfers from other parties.

7. The transfers were made in the ordinary course of business.

## VI. JURY DEMAND

Goodman Defendants demand a trial by jury on all claims to which they are entitled to a Jury.

## VII. PRAYER

Goodman Defendants deny any allegations in Trustee's Original Complaint that are not specifically admitted above and deny that Trustee is entitled to obtain any relief or judgment against Goodman Defendants as pled or otherwise.

Dated May 31, 2024

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
    Randall A. Pulman
    Texas State Bar No. 16393250
    rpulman@pulmanlaw.com
    Anna K. MacFarlane
    Texas State Bar No. 24116701
    amacfarlane@pulmanlaw.com

**ATTORNEYS FOR DEFENDANTS JAMES GOODMAN AND GENESIS NETWORKS GLOBAL SERVICES, LLC**

8

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 31, 2024, the foregoing will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, including the following:

***Via CM/ECF drukavina@munsch.com,***
***tberghman@munsch.com, cwhite@munsch.com***
Davor Rukavina
Thomas D. Berghman
Conor P. White
Munsch, Hardt, Kopf & Harr
500 N. Akard Street, Ste 3800
Dallas, TX 75201-6659

***Counsel for Scott Seidel, Trustee***

                                                */s/   Randall A. Pulman*
                                                Randall A. Pulman

4882-0882-5538, v. 1 / 6514.011